UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
UNITED STATES OF AMERICA

                               Plaintiff,      **MEMORANDUM OF DECISION AND ORDER**

         -against-                      10-CV-4551 (ADS) (ARL)

FRANCES Y. RUIZ,

                               Defendant.

---------------------------------------------------------X

**APPEARANCES:**

**Michael T. Sucher, Esq.**
Attorney for the United States
26 Court Street, Suite 2412
Brooklyn, NY 11242


**Frances Y. Ruiz,** *pro se*
37-53 90 Street, Second Floor, Suite 8
Jackson Heights, NY 11372

**SPATT, District Judge.**

On October 5, 2010, the United States of America ("the Plaintiff" or "the United States") commenced this action against Frances Y. Ruiz, ("the Defendant" or "Ms. Ruiz") seeking to recover the outstanding debt allegedly owed to the U.S. Department of Education on the Defendant's student loan, including pre-judgment and post-judgment interest and administrative costs. Presently before the Court is the Plaintiff's motion for summary judgment. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

Ms. Ruiz made an application for and received a Direct Consolidated loan from the U.S. Department of Education for a total principal amount of $74,187.82 ("the Loan"). On June 20, 1999, in exchange for consolidating the Loan with her then-husband's loans, Ms. Ruiz and her

then-husband executed and delivered a promissory note to the U.S. Department of Education in the principal amount of $74,786.84 ("the Note"). Pursuant to the terms of the Note, Ms. Ruiz was "jointly and severally liable for the entire amount of the debt". (Pl.'s Ex. 1.) On June 24, 1999, the amount of the loan was disbursed in two installments at 7.75% interest per annum. After Ms. Ruiz failed to pay the Loan, the U.S. Department of Education purchased the Note from the lender as required by law and became the assignee thereof. On August 25, 2009, Ms. Ruiz defaulted on the loan obligation. This resulted in the unpaid interest of $29,283.13 being capitalized and added to the principal balance.

On July 21, 2011, U.S. Department of Education Loan Analyst Alberto Y. Francisco signed, under penalty of perjury, a Certificate of Indebtedness reflecting that, as of July 21, 2011, Ms. Ruiz owed: (1) $103,414.38 in unpaid principal; (2) $32,364.87 in unpaid interest; and (3) additional interest, at a rate of $21.94 per day. (Pl.'s Ex. 2.)

On October 5, 2010, the United States commenced this instant action against Ms. Ruiz to recover the debt owed to the U.S. Department of Education. On October 18, 2010, Ms. Ruiz, acting *pro se*, served an answer on the United States ("the Answer"). However, Ms. Ruiz did not file the Answer with the Court. Consequently, on July 18, 2011, the Court sent a notice directing the United States to inform the Court within ten days why an order should not be entered dismissing the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

In response, on July 25, 2011, the United States filed Ms. Ruiz's answer with the Court, and also filed the instant motion for summary judgment. In addition, pursuant to Local Rule 56.2, the United States served on Ms. Ruiz a Notice to Pro Se Litigant Who Opposed Summary Judgment, which "alert[s] pro se litigants to the potentially serious consequences of a motion for summary judgment, and to the requirements for opposing such a motion". Local Rule 56.2,

comm. note. Ms. Ruiz did not oppose the motion for summary judgment or file a statement of disputed material facts pursuant to Local Rule 56(b). Thus, under Local Rule 56.1(c), the Court deems the facts set forth in the Plaintiff's Local Rule 56.1 Statement to be admitted.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Globecon Group, LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 170 (2d Cir. 2006). In determining whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) (per curiam), and Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989)).

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party to present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not then rely solely on "conclusory allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). If the evidence favoring the nonmoving party is "merely colorable . . . or is not significantly probative, summary

judgment may be granted." Anderson v. Liberty Lobby, Inc., 477, U.S. 242, 249–50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (internal citations omitted).

In an action on a promissory note, summary judgment is appropriate if there is "'no material question concerning execution and default' of the note." Merrill Lynch Commercial Fin. Corp. v. All State Envelopes Ltd., No. 09-CV-0785, 2010 WL 1177451, at *2 (E.D.N.Y. Mar. 24, 2010) (quoting Royal Bank of Canada v. Mahrle, 818 F. Supp. 60, 62 (S.D.N.Y. 1993)).

**B.  As to the United States Entitlement to Summary Judgment**

As an initial matter, the Defendant asserts in her Answer that she is entitled to certain affirmative defenses.  (See Answer at ¶¶ 7–11). However, because the Defendant failed to submit any affidavits or evidence that would raise a genuine issue of fact as to the existence of those defenses, the Court finds that they are insufficient to defeat the motion for summary judgment. Shechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996) ("Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy") (internal quotation marks omitted); see also Bano v. Union Carbide Corp., 361 F.3d 696 (2d Cir. 2004) (stating that the defendant bears the burden of proof on affirmative defenses); Overall v. Estate of L.H.P. Klotz, 52 F.3d 398, 403 (2d Cir. 1995) (same).

Where, as here, a motion for summary judgment is unopposed, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial". Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001).  Accordingly, the Court turns to the issue of whether the Plaintiff has provided sufficient evidence to substantiate the factual assertions with respect to the Defendant's default and outstanding debt.

4

In support of its motion for summary judgment, the Plaintiff provided several items to establish the debt, including the Defendant's signed promissory note. (Pl.'s Ex. 1.) Also, the Plaintiff provided a Certificate of Indebtedness, certified under penalty of perjury, stating that as of July 21, 2011, the Defendant owed: (1) $103,414.38 in unpaid principal; (2) $32,364.87 in unpaid interest; and (3) additional interest, at a rate of $21.94 per day. (Pl.'s Ex. 2.) Consistent with the other courts in this district, the Court finds that on an unopposed motion for summary judgment, a promissory note and Certificate of Indebtedness from the U.S. Department of Education constitute sufficient evidence of default on a student loan. See, e.g., United States v. Brow, No. 01-CV-4797, 2011 WL 2845300, at *3 (E.D.N.Y. July 13, 2011); United States v. Galarza, No. 10-CV-294, 2011 WL 256536, at *2 (E.D.N.Y. Jan. 26, 2011); United States v. Terry, No. 08-CV-3785, 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009). In addition, the Plaintiff submitted as additional support for the verification of the Loan, the declaration of Albert Y. Francisco, a loan analyst in the Litigation Branch of the Office of Borrower Services of the U.S. Department of Education, describing the record of the Loan and furnishing further details about the calculations due under the Note. (Pl.'s Ex. 3.)

The Defendant has not responded to this evidence; introduced any evidence on her own behalf; or otherwise opposed summary judgment. Based on this uncontroverted record, the Court finds that the Plaintiff has satisfied its burden of showing the existence of the outstanding debt and therefore its entitlement to summary judgment.

## C. As to the Damages and Costs

The Certificate of Indebtedness establishes that, as of July 21, 2011, the Defendant owed: (1) $103,414.38 in unpaid principal; (2) $32,364.87 in unpaid interest; and (3) additional interest, at a rate of $21.94 per day. (Pl.'s Br. Ex. 2.) From July 21, 2011, another 78 days have passed,

resulting in the Defendant owing an additional $1,711.32 in interest—*i.e.*, 78 multiplied by $21.94.  Thus, the Court finds that the Plaintiff is entitled to judgment in the amount of $103,414.38 in unpaid principal and $34,076.19 in interest, for a total money judgment of $137,490.57.  See Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1080(a).

In addition, the Court finds that the Plaintiff is entitled to costs in the amount of $390, reflecting this Court's filing fee, plus a service of process fee.  See id. § 1080(b); 28 U.S.C. 2412(a)(2).  Finally, the Court finds that the Plaintiff is entitled to post-judgment interest "calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment" and "computed daily to the date of payment".  28 U.S.C. § 1961.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Clerk of the Court is directed to enter a judgment in favor of the United States in the principal amount of $103,414.38, plus interest in the amount of $34,076.19, plus costs of $390, for a total sum of $137,490.57, and it is further

**ORDERED**, that post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961, and it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this order as well as the Judgment on the Defendant at the above listed address by certified mail, return receipt requested, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
October 7, 2011

                                                                */s/ Arthur D. Spatt*
                                                               ARTHUR D. SPATT
                                                         United States District Judge